IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10455
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER VERNER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(1:00-CR-79-2)
--------------------
October 15, 2001

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Christopher Verner appeals his conviction for conspiracy to receive, possess, and conceal firearms, and receipt and possession of stolen firearms in violation of 18 U.S.C. §§ 371, 922(j). He argues that the district court erred in denying his motion to suppress evidence allegedly seized in violation of his Fourth Amendment rights.

This court applies a two-tier standard in reviewing a district court's denial of a motion to suppress. United States v. Hunt, 253 F.3d 227, 229 (5th Cir. 2001). The district court's fact findings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

are reviewed for clear error and its ultimate conclusion as to the constitutionality of the law enforcement action is reviewed de novo. Id. at 229-30. The evidence is viewed in the light most favorable to the prevailing party. Id. at 230.

Verner concedes that the initial stop of his vehicle was justified, but he argues that the search of his person and subsequent detainment lasted beyond that which is allowed by Terry v. Ohio, 392 U.S. 1 (1968). Under Terry, "police officers may stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that criminal activity is afoot." Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000). Reasonable suspicion must be supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion. Id.

While Officer Bone was questioning Verner, he attempted to walk away from the officer and was subsequently searched and handcuffed. Verner was also non-responsive when Officer Bone asked whether there were any weapons in the vehicle. Viewing the evidence in the light most favorable to the government the officer's actions were reasonable. See Terry, 392 U.S. at 27; United States v. Michelletti, 13 F.3d 838, 840-41 (5th Cir. 1994) (en banc).

The district court did not err in denying Verner's motion to suppress.
AFFIRMED.